**THE SIMON LAW GROUP**
ROBERT T. SIMON (SBN 238095)
THOMAS J. CONROY (SBN 256485)
BRET M. GECKELER (SBN 308004)
7028 Owensmouth Avenue
Canoga Park, CA 91303
Telephone: (310) 914-5400
Facsimile: (310) 914-5401

*Attorneys for Plaintiff,*
**JOSE MADRIGAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOSE MADRIGAL,<br><br>   Plaintiff,<br>vs.<br><br>UNITED STATES, DOES 1 – 100,<br><br>   Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED** |

### COMPLAINT

COMES NOW, Plaintiff JOSE MADRIGAL, individually, and alleges against defendant UNITED STATES, as follows:

### JURISDICTION & VENUE

1.  This Complaint involves causes of action asserted by Plaintiff JOSE MADRIGAL against defendant UNITED STATES for damages arising out of a motor vehicle collision in which a United States Postal Service vehicle, driven by an employee of the United States (Ms. Asia Crowfield) under color thereof struck Plaintiff's vehicle.

2.  This Court has jurisdiction pursuant to 39 U.S.C. § 409 which provides that "the United States district courts have original but not exclusive jurisdiction over

all actions brought by or against the United States Postal Service." Further, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346 which provides for original jurisdiction of the district courts over civil actions for damages against the United States.

3. Jurisdiction also is proper because the amount in controversy is in excess of $75,000.

4. The subject motor vehicle collision (the "Subject Incident") occurred in the City of Carson, County of Los Angeles, and State of California. Therefore, venue is proper in the United States District Court for the Central District of California.

## PARTIES

5. At all times relevant to this Complaint, Plaintiff JOSE MADRIGAL was a California resident, and subject to the jurisdiction of the City of Los Angeles, County of Los Angeles, State of California.

6. Plaintiff is informed and believes and based thereon alleges that Defendant is the UNITED STATES, which is, and was at all relevant times, the controlling, supervisory authority of the United States Postal Service, headquartered in Washington, District of Columbia, and duly organized and existing under Article I, Section 8, Clause 7 of the United States Constitution (the Postal Clause), and conducting affairs in the State of California, County of Los Angeles, and City of Carson, through itself, its agents, and its alter egos.

7. Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, there was a unity of interest and operation between Defendant UNITED STATES, and the United States Postal Service (hereinafter collectively referred to as "Defendant") such that their separate and independent formation or classifications were a fiction and did not in fact exist, and that each was the alter-ego of the other, and that collectively they operated the transportation services business known to the public as United States Postal Service.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Ms. Asia Crowfield, as an agent, servant, employee, of Defendant, and was, as such, acting within the course, scope, color and authority of said agency, employment, and/or venture, and that Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training, and supervision of Ms. Crowfield as an agent, servant, employee, successor in interest, and/or joint venturer.

9. The true names and capacities, whether individual, plural, corporate, governmental, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is presently unknown to Plaintiff but subject to discovery. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

10. On or about July 13, 2017, Plaintiff JOSE MADRIGAL filed an administrative claim (Form 95) for damages related to the subject incident with the United States Postal Service. (Declaration of Thomas J. Conroy ("Conroy Decl.") Ex. A.)

11. While various correspondence with the United States Postal Service ensued (Conroy Decl., Exs. B – C), the only payment and settlement of Plaintiff's damages relates to property damages. (*See* Conroy Decl., Ex. D.)

12. While Plaintiff's treatment (as a result of the Subject Collision) is ongoing and some uncertainty remains as to the amount of damages to which Plaintiff

is ultimately entitled, the fact remains that Plaintiff's administrative claim for personal injuries was filed over six months ago, and no approval of that claim has issued. Therefore, the United States Postal Service (and thereby the United States) failed to timely approve Plaintiff's personal injury administrative claim.

## FACTUAL ALLEGATIONS

13. Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

14. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, Defendant operated a mail delivery service, which employed or otherwise retained drivers or mailpersons to operate vehicles in order to deliver mails in the United States, the State of California, the County of Los Angeles and the City of Carson pursuant to the Postal Clause.

15. Defendant used its mailpersons/drivers to perform work for which Defendant and provided them with official United States Postal Service vehicles in order to perform the work of delivering mails.

16. At all relevant times, Ms. Crowfield was an agent or employee of Defendant and was operating an official United States Postal Service vehicle in the scope of her employment and authority as a United States Postal Service mailperson for Defendant.

## FIRST CAUSE OF ACTION
### (Negligence Per Se)

17. Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as through fully set forth herein.

18. The law of the State of California applies to negligent conduct by Federal governmental entities. 32 C.F.R. § 750.23.

19. Plaintiff is informed and believes, and thereon alleges, that on or about June 16, 2017, Ms. Asia Crowfield was at all relevant times a driver and mail delivery person for Defendant UNITED STATES, and Does 1-100 and was operating a United

States Postal Mail Truck (#7207298) (the "Mail Truck") under color of her authority as a UNITED STATES employee/agent and was within the scope of said employment/agency.

20.   Plaintiff is informed and believes, and thereon alleges, that on or about June 16, 2017, Ms. Crowfield was operating the Mail Truck in the City of Carson, County of Los Angeles; while she operated as a mail delivery driver, she failed to yield to cross traffic which had the right-of-way and attempted to turn from Baltic Avenue onto Dominguez Street, causing the Mail Truck to collide with the passenger side of the vehicle driven by Plaintiff (*i.e.,* a T-bone collision).

21.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Ms. Crowfield, Defendant UNITED STATES and DOES 1 through 100, inclusive, and each of them, owed a duty of care to Plaintiff to own, lease, maintain, inspect, entrust, delegate, manage, regulate, control and operate the Mail Truck in a reasonable manner. Plaintiff is further informed and believes, and thereon alleges, that at all relevant times, Defendant also owed a non-delegable duty to protect the safety of the public, including Plaintiff, because Defendant were engaged in an activity that was inherently dangerous to the public.

22.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant, Ms. Crowfield owed a duty while operating the Mail Truck under color of defendant UNITED STATES to her fellow motorists and to the public at large, to exercise reasonable care in the operation of the Mail Truck, to keep a look out for other vehicles, and to reasonably control the speed and movement of the Mail Truck. On or about June 16, 2017, was operating the Mail Truck under color of defendant UNITED STATES, driving on Baltic Avenue and failed to see, anticipate, yield to, and avoid the vehicle driven by Plaintiff JOSE MADRIGAL that was driving eastbound on Dominguez Street passing Baltic Avenue, with the clear right-of-way. The Mail Truck driven by Ms. Crowfield entered Dominguez Street attempting to make a left turn against traffic with the right-of-way, failing to yield to traffic in

1  violation of Cal. Veh. Code 21801(a) ("The driver of a vehicle intending to turn to
2  the left or to complete a U-turn upon a highway, or to turn left into public or private
3  property, or an alley, shall yield the right-of-way to all vehicles approaching from the
4  opposite direction which are close enough to constitute a hazard at any time during
5  the turning movement, and shall continue to yield the right-of-way to the approaching
6  vehicles until the left turn or U-turn can be made with reasonable safety.") and drove
7  the Mail Truck in such a manner so as to expose Plaintiff to great bodily harm. The
8  Mail Truck violently collided with right side of the vehicle driven by JOSE
9  MADRIGAL, causing severe and permanent injuries to Plaintiff as a consequence.

23.  As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and serious emotional distress..

24.  As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff employed the services of hospitals, physicians, nurses, and the like, to care for and treat them, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well.

25.  As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof.

///
///

## SECOND CAUSE OF ACTION
### (General Negligence)

26. Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as through fully set forth herein.

27. The law of the State of California applies to negligent conduct by Federal governmental entities. 32 CFR § 750.23.

28. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Ms. Crowfield, Defendant UNITED STATES and DOES 1 through 100, inclusive, and each of them, owed a duty of care to Plaintiff to own, lease, maintain, inspect, entrust, delegate, manage, regulate, control and operate the Mail Truck in a reasonable manner. Plaintiff is further informed and believes, and thereon alleges, that at all relevant times, Defendant also owed a non-delegable duty to protect (and ensure its employees/agents did the same) the safety of the public, including Plaintiff, because Defendant (and its agents/employees) was engaged in an activity that was inherently dangerous to the public.

29. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant, Ms. Crowfield owed a duty while operating the Mail Truck under color of defendant UNITED STATES to her fellow motorists and to the public at large, to exercise reasonable care in the operation of the Mail Truck, to keep a look out for other vehicles, and to reasonably control the speed and movement of the Mail Truck (and generally to drive in a reasonably prudent manner). On or about June 16, 2017, was operating the Mail Truck under color of defendant UNITED STATES, driving on Baltic Avenue and failed to see, anticipate, yield to, and avoid the vehicle driven by Plaintiff JOSE MADRIGAL that was driving eastbound on Dominguez Street passing Baltic Avenue, with the clear right-of-way (thereby breaching her duty). Ms. Crowfield collided with Plaintiff JOSE MADRIGAL's vehicle as a result.

30. As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her

employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof..

31.   As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff employed the services of hospitals, physicians, nurses, and the like, to care for and treat them, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof.

32.   As a legal, direct and proximate result of the conduct of Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof.

### THIRD CAUSE OF ACTION
### (Negligent Hiring/Retention/Supervision/Training)

33.   Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as through fully set forth herein.

34.   Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, inclusive, and each of them, operated the Mail Truck under a public franchise and knew that providing mail transportation services to its customers was inherently dangerous. Said Defendants owed a duty of care to the motoring public, including Plaintiff, to properly and adequately hire, train, supervise and retain mail delivery drivers so as to ensure they

are reasonably competent to operate the Mail Truck so as not to create an unreasonable risk of harm to the motoring public and Plaintiff during the performance of their duties. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant, Defendant UNITED STATES, and DOES 1-100, inclusive, and each of them, owed Plaintiff a duty of care to follow all applicable regulations, including the duty to establish a driver training program, to ensure that mail delivery driver Ms. Crowfield possessed the proper background, training and experience to operate the Mail Truck so as not to create an unreasonable risk of harm to Plaintiff during the performance of their duties.

35. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant UNITED STATES, its employee/agent operating within the scope of her employment/agency, and DOES 1-100, and each of them, breached the duty of care they owed Plaintiff by hiring Ms. Crowfield knowing she was a non-professional driver and without providing her proper, adequate training to provide mail delivery services for customers.

36. Plaintiff is informed and believes, and thereon alleges, that the aforementioned negligent hiring, retention, training, and supervision of Defendant UNITED STATES and DOES 1-100, inclusive, and each of them, directly, legally and proximately caused or contributed to the severe and permanent injuries suffered by Plaintiff.

37. As a legal, direct and proximate result of the conduct of Defendant UNITED STATES and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof.

38. As a legal, direct and proximate result of the conduct of Defendant UNITED STATES and DOES 1-100, inclusive, as aforesaid, Plaintiff was compelled

to, and did, employ the services of hospitals, physicians, nurses, and the like, to care for and treat them, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof

39. As a legal, direct and proximate result of the conduct of Defendant UNITED STATES and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE MADRIGAL respectfully prays for entry of judgment against Defendant and for relief as follows:

**AS TO THE FIRST CAUSE OF ACTION:**
  a. General Damages according to proof at the time of trial;
  b. For costs of suit herein incurred according to proof at the time of trial; or prejudgment interest from the date of harm or breach and/or from the date of filing; and,
  c. For such other and further relief as this Court may deem necessary and proper or to which Plaintiff may be entitled pursuant to 28 U.S. Code § 2674.

**AS TO THE SECOND CAUSE OF ACTION:**
  a. General Damages according to proof at the time of trial;
  b. For costs of suit herein incurred according to proof at the time of trial; or prejudgment interest from the date of harm or breach and/or from the date of filing; and,
  c. For such other and further relief as this Court may deem necessary and proper or to which Plaintiff may be entitled pursuant to 28 U.S. Code § 2674.

**AS TO THE THIRD CAUSE OF ACTION:**

    a. General Damages according to proof at the time of trial;

    b. For costs of suit herein incurred according to proof at the time of trial; or prejudgment interest from the date of harm or breach and/or from the date of filing; and,

    c. For such other and further relief as this Court may deem necessary and proper or to which Plaintiff may be entitled pursuant to 28 U.S. Code § 2674.

Dated: June 10, 2019

THE SIMON LAW GROUP LLP

BY: _____
ROBERT T. SIMON
**THOMAS J. CONROY**
BRET M. GECKELER
*Attorneys for Plaintiff,* **JOSE MADRIGAL**

## REQUEST FOR JURY TRIAL

Plaintiff JOSE MADRIGAL, hereby requests a trial by jury on all issues so triable in the above-entitled action.

Dated: June 10, 2019

THE SIMON LAW GROUP LLP

BY: _____
ROBERT T. SIMON
**THOMAS J. CONROY**
BRET M. GECKELER
*Attorneys for Plaintiff,* **JOSE MADRIGAL**